THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HYMAN RAPPAPORT, Defendant.

County Court, Queens County, November 17, 1939.

114

*Charles P. Sullivan, District Attorney [James P. McGrattan, Assistant District Attorney, of counsel], for the plaintiff.*

*Sydney Rosenthal, for the defendant.*

DOWNS, J. An indictment was found herein against three defendants accusing them of the crime of arson in the second degree, alleging that each, aiding the other, had committed this offense on or about April 10, 1934. This date, April tenth, should be carefully noted as it will have great significance in the expression of this opinion hereafter. The indictment was returned herein on April 25, 1939, and defendant Rappaport pleaded not guilty on April 26, 1939. This indictment, having been found and filed more than five years after the date of the commission of this alleged crime, necessarily required an allegation explaining the reason for the delay. The reason given was as follows: " Heretofore, and on or about the 6th day of April, 1939, prosecution of the crime hereinbefore alleged was duly commenced in the Felony Court of the City Magistrates Court of the City of New York, Borough and County of Queens, City and State of New York."

Subsequently, on June 20, 1939, this court, by order, dismissed this indictment against the defendant Samuel Hutkoff on the ground there was not sufficient legal evidence to justify the same.

On September 11, 1939, Isadore Stein was committed to Matteawan State Hospital, after the proper and necessary legal procedure had been followed to justify such commitment.

On November 1, 1939, this case was called for trial, and an examination of prospective jurors was commenced. This jury was not completed. After a discussion of all of the facts and circumstances leading up to the delay in the finding of this indictment, it

was finally agreed that a mistrial should be declared with a view of ascertaining some method of testing the validity of this indictment found under the particular circumstances applicable hereto. Subsequently an agreed statement of facts was signed by the district attorney of Queens county, the defendant Rappaport, and his attorney, Mr. Rosenthal.

The court is now considering, in reaching the determination to be announced herein, the minutes of the grand jury, the minutes of the Magistrates' Court, and the agreed statement of facts herein. The court is also considering the fact that the defendant Rappaport was held in bail in the Magistrates' Court to duly answer the complaint therein. After the finding of the indictment herein, the defendant Rappaport was held on a separate and distinct bail bond which had been increased very decisively. He was then held under two distinct bail bonds, one to respond in the Magistrates' Court and also one to respond in the County Court.

The very brief chronological history recited herein indicates that the complaint was filed in the Magistrates' Court on the 6th day of April, 1939, which was four days prior to the time limited by the Statute of Limitations for a complaint to be filed herein in the Magistrates' Court, or an indictment to be found.

The agreed statement of facts indicates that adjournments were granted of more than forty-eight hours on more than one occasion by the magistrate or magistrates before whom this matter was presented, pending the filing of a formal complaint. It must be borne in mind that this proceeding was originally instituted before the magistrate upon a short affidavit, and it was not until April nineteenth that the formal complaint and corroborating affidavits were filed in the Magistrates' Court, at which time another adjournment was given under circumstances indicating confusion as to whether there was a consent or absence of consent on the part of defendant Rappaport to this adjournment. This clearly indicates that the matter had been pending before the magistrate from April sixth to April nineteenth over the objection of defense counsel.

Thereafter, namely, on April twenty-fifth, the indictment herein was found by a grand jury in Queens county. There had never been a hearing in the Magistrates' Court for the reason that on April nineteenth the hearing was adjourned to May 3, 1939. A magistrate having jurisdiction in this proceeding never held this defendant for the grand jury. On the contrary, namely, on May 3, 1939, the magistrate, upon motion of the district attorney, dismissed the proceeding then pending in the Magistrates' Court because this indictment had been duly found before that time.

I have carefully analyzed all the law that is available concerning a discussion or a decision involving any facts analogous to the facts herein. The direct impressions of authorities in the matter seem to indicate if there is a continuity from the time of the filing of the complaint in the Magistrates' Court to the filing of the indictment, the time the matter is pending in the Magistrates' Court is excluded from the Statute of Limitations. Although it is my opinion that the institution of the proceeding in the Magistrates' Court by the filing of a short affidavit is a proper and legal commencement of proceedings, it is nevertheless my opinion that there was a break in continuity between the institution of this proceeding and the independent inception of a proceeding before the grand jury which resulted in the finding of this indictment fifteen days after the expiration of the Statute of Limitations.

Had there been a hearing in the Magistrates' Court even on May third and a subsequent finding of the indictment herein, I would have held to the contrary and would have expressed my opinion that this was a continuous act and that the indictment was properly within the time contemplated by the Statute of Limitations, but it is my opinion, under the exact facts presented in this particular case, that there has been a break in continuity. It is, therefore, my opinion that the indictment herein should be dismissed.

The district attorney and counsel for the defendant and myself have agreed that this whole matter should be submitted to me in this form so that I might give an expression of my opinion, believing that the complete matter could be more comprehensively reviewed by our Appellate Division with a view to determining the absolutely new and original point of law which is raised herein. In order to bring the matter clearly before the court these facts have been definitely condensed for this purpose.

It is, therefore, my opinion that the motion herein should be granted. Therefore, the indictment herein is dismissed.

Enter order.